```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


WILLIS FLOYD WILEY,              §
                                 §
          Plaintiff,             §
                                 §
v.                               §    CIVIL ACTION NO. H-13-3712
                                 §
BHUPATRAI G. VACHHANI, MD,       §
                                 §
          Defendant.             §
```

MEMORANDUM AND ORDER

Pending is Defendant Bhupatrai G. Vachhani's 12(b) Motion to Dismiss (Document No. 6). After carefully considering the motion, response, reply, oral arguments, and the applicable law, the Court concludes as follows.

Plaintiff Willis Floyd Wiley ("Plaintiff"), proceeding *pro se*, alleges that Defendant Bhupatrai G. Vachhani, MD ("Defendant") "was hired under Contract by the Social Security Administration [("SSA")]" to perform a medical evaluation of Plaintiff.[1] Plaintiff, who is an amputee without one leg, contends that Defendant "did not list the Plaintiff['s] Physical disability on said Exam which the Defendant was suppose to do," and that this

---

[1] Document No. 12 at 3. The Court considers the factual allegations in Plaintiff's Response as amendments to the Complaint, and includes them here as such. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (When ruling on a motion to dismiss a *pro se* complaint, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed.").

caused the SSA to disapprove Plaintiff's claim for Supplemental Security Income.[2]  Plaintiff sues the Defendant physician "in his official capacity" purportedly under 42 U.S.C. § 1983 for violating Title II of the Americans with Disabilities Act ("ADA") and the Fourteenth Amendment, fraud, fraud in the factum, fraudulent inducement, fraudulent concealment, misrepresentation, "making false statements on federal Government Documents," and "Deliberate Indifference to the Plaintiff['s] serious medical needs."[3]  Plaintiff seeks money damages.[4]

Defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim.[5]  Plaintiff responds, and moves to strike Defendant's Motion to Dismiss.[6]

Under Federal Rule of Civil Procedure 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).  The plaintiff, as the party asserting jurisdiction, "constantly bears the burden of proof that jurisdiction does in fact exist."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if

---

[2] Document No. 12 at 5.

[3] Document No. 1 at 1 (Compl.).

[4] Id. at 4.

[5] Document No. 6.

[6] Document No. 12.

2

it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." <u>Id.</u>  A party makes a 'facial attack' on the court's subject matter jurisdiction where, as here, it files a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenging the court's jurisdiction based solely on the pleadings.  <u>Paterson v. Weinberger</u>, 644 F.2d 521, 523 (5th Cir. 1981).  In analyzing a facial attack, "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true."  <u>Id.</u>  If the allegations sufficiently allege jurisdiction, the court must deny the motion.  <u>Id.</u>

Plaintiff brings suit under 42 U.S.C. § 1983 for violations of the ADA and the Fourteenth Amendment.  Section 1983 applies only to state actors acting under color of state law.  *See* <u>Lyons v. Sheetz</u>, 834 F.2d 493, 495 (5th Cir. 1987).  Defendant is not a state actor, but--Plaintiff alleges--a contractor with the Social Security Administration, a federal agency, and Plaintiff therefore states no cause of action upon which relief can be granted under Section 1983.  *See* <u>Evans v. Ziporkin</u>, 471 F. App'x 302, 303 (5th Cir. 2012) (per curiam) ("Evan's civil action against Sheryll Ziporkin, an employee of the Social Security Administration acting under federal

law, was not proper under Section 1983, which only applies to state actors acting under color of state law.").[7]

The essence of Plaintiff's complaint is that he was denied social security benefits at least in part based upon Defendant's independent medical evaluation of Plaintiff. Plaintiff's recourse for denial of social security benefits is to perfect an appeal in the United States District Court in accordance with 42 U.S.C. § 405(g).

For the foregoing reasons, it is

ORDERED that Defendant Bhupatrai G. Vachhani's 12(b) Motion to Dismiss (Document No. 6) is GRANTED, and all of Plaintiff Willis Floyd Wiley's claims against Defendant are DISMISSED without prejudice for lack of jurisdiction.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 28th day of April, 2014.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[7] To the extent that Plaintiff's Complaint may be construed as a direct claim against Defendant under Title II of the ADA, the claim fails because Plaintiff does not allege facts to support a claim that he was excluded from any state or local program, but only that he was denied certain social security benefits that he sought.

4